SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court and may not summarize all portions of the opinion.

**Green Knight Capital, LLC v. Gabriel Calderon (A-40-21) (086367)**

**Argued September 28, 2022 -- Decided November 17, 2022**

**FISHER, P.J.A.D. (temporarily assigned), writing for a unanimous Court.**

In this appeal, the Court considers whether a party that acquires an interest in property subject to a tax sale foreclosure action must lose the opportunity it has acquired because of its attempt to redeem the tax sale certificate before moving to intervene.

For $3,168.71, plaintiff Green Knight Capital, LLC purchased a tax sale certificate on a condominium unit owned by defendant Gabriel Calderon. After waiting the two years required by statute, Green Knight commenced this action in April 2020, seeking to foreclose Calderon's right of redemption.

In August 2020, 133 73rd Street Apt, LLC (the LLC) contracted with Calderon to purchase the unit. This transaction, which netted Calderon $63,194.58, closed on September 22, 2020; that same day, the settlement agent forwarded a $21,612.72 check to the municipal tax office to redeem the tax sale certificate.

Two days after the closing, Green Knight moved for the entry of default and for an order setting the time, place, and amount for redemption. The day after that, Green Knight learned of the attempt to redeem the tax sale certificate.

In October, Green Knight moved for an order barring the LLC from redeeming and for other relief. In November, the LLC cross-moved for intervention and for permission to redeem. In December, the chancery judge entered three orders that allowed the LLC to intervene and denied Green Knight's motions. In the wake of this disposition, the LLC redeemed the tax sale certificate.

The Appellate Division affirmed, holding that when an investor has established "an interest in the property in the foreclosure action, is prepared to redeem the tax sale certificate, and files a motion to intervene before the entry of an order setting the last date for redemption, the investor is permitted to intervene and redeem the tax certificate." 469 N.J. Super. 390, 395-96 (App. Div. 2021). The Court granted certification. 250 N.J. 18 (2022).

1

**HELD:** The Tax Sale Law bears no hostility toward investors who otherwise meet the requirements of N.J.S.A. 54:5-89.1 when they prematurely attempt to redeem. Although the investor must always intervene before being allowed to redeem, a misstep like that which occurred here puts the tax sale certificate holder in no worse position than it would have possessed had the error not occurred. Here, because the LLC provided Calderon with more than nominal consideration and because the parties had the benefit of the chancery judge's full consideration of their competing legal and equitable arguments, the LLC's premature attempt to redeem should not vitiate the right to redeem it fairly acquired.

1. Simon v. Cronecker recognized that the Tax Sale Law is not hostile to the competition between a tax sale certificate holder and a subsequent investor in the involved property because that competition "is likely to benefit a financially-strapped property owner." 189 N.J. 304, 311 (2007). This marked a notable departure from earlier decisions that had found the Tax Sale Law to protect tax titles. Following such decisions, the Legislature amended the Tax Sale Law to bar redemption "whenever it shall appear that [a third-party] has acquired such interest in the lands for a nominal consideration after the filing of the [foreclosure] complaint." N.J.S.A. 54:5-89.1. The Court concluded in Cronecker that, in so acting, the Legislature intended to forbid predatory overreaching rather than to bar third-party investors from helping property owners in desperate need of financial assistance. 189 N.J. at 324. Revealing its intent to further enhance the opportunities of distressed property owners to save their investment once foreclosure is sought, the Legislature recently amended N.J.S.A. 54:5-89.1 to bar redemption by a purchaser who acquired an interest "for less than fair market value." History thus reveals that the Court and the Legislature have adopted a more tolerant view of investors like the LLC and a less exalted view of tax sale certificate purchasers like Green Knight than expressed in the decisions that preceded Cronecker. There being no dispute that the LLC acquired its interest in the property by conveying to Calderon more than nominal consideration, the substantive aspect of the Tax Sale Law did not preclude the LLC from intervening and redeeming here. (pp. 6-9)

2. The Court therefore considers the Tax Sale Law's procedural requirement that, when a property interest is acquired after a foreclosure action is commenced, redemption "shall be made in that cause only." N.J.S.A. 54:5-98; accord N.J.S.A. 54:5-89.1; R. 4:64-6(b). That procedural requirement was not precisely met here because the LLC made a premature attempt to redeem by sending a check to the tax office before moving to intervene in the foreclosure action. The question posed here is whether the procedural requirement should be construed, as Green Knight contends, to require strict compliance and thus to relegate the LLC to an inferior position because it prematurely attempted to redeem. (pp. 9-10)

2

3. The Tax Sale Law does not announce -- and the Court is satisfied it does not envision -- the rule of strict compliance urged by Green Knight; it requires only that once a foreclosure action is commenced redemption must "be made in that cause only," N.J.S.A. 54:5-98, a limitation that compels the investor to intervene first, but without stating or suggesting there must be a consequence for any mistake. Changes in the law over time, including the recent amendment of N.J.S.A. 54:5-89.1, counsel against adopting a strict view of this procedural requirement, and the Legislature has declared that the Tax Sale Law is "a remedial statute" and must "be liberally construed to effectuate the remedial objects thereof," N.J.S.A. 54:5-3. One of those remedial objects is the Tax Sales Law's recognition of an owner's right to rescue some part of its property interest in the face of an impending foreclosure by contracting with an investor like the LLC. The Court finds no reason to impose a rule that requires courts to be unforgiving when an investor mistakenly attempts redemption before seeking intervention. By insisting on the investor's intervention into the foreclosure action, the Legislature intended to ensure the avoidance of sharp practices by calling for judicial oversight -- that a last-minute investor would not be permitted to redeem without the trial court's imprimatur. Cronecker, 189 N.J. at 336. In this case, the timing of the parties' motions permitted the chancery judge to completely oversee the disposition of their competing claims in a manner envisioned by the Tax Sale Law. To give true meaning to the legislative intent, the Court rejects the rule urged by Green Knight. (pp. 11-13)

4. The Court also finds nothing in existing jurisprudence to support Green Knight's position. Reviewing Cronecker as well as Simon v. Rando, 189 N.J. 339 (2007), and Malinowski v. Jacobs, 189 N.J. 345 (2007), the Court observes that those three cases demonstrate that the appropriate procedure is for the investor to move for and obtain intervention before making any attempt to redeem. No party to this appeal quarrels with the idea that intervention must precede any attempt to redeem, and the Court continues to adhere to that proposition. The Court's rejection of the investors' entitlement to redeem in the circumstances presented in Cronecker did not create a rule that an investor like the LLC must forfeit its right of redemption simply because it failed to move to intervene before attempting to redeem. (pp. 13-15)

5. The Court rejects the Appellate Division's holding that the purchaser, upon acquiring a property interest, must intervene in the foreclosure action "before the entry of an order setting the last date for redemption," 469 N.J. Super. at 396, finding no such deadline imposed by either the Tax Sale Law or court rule. (p. 15)

**AFFIRMED AS MODIFIED.**

**CHIEF JUSTICE RABNER; JUSTICES PATTERSON, SOLOMON, PIERRE-LOUIS, and FASCIALE; and JUDGE SABATINO (temporarily assigned) join in JUDGE FISHER's opinion.**

Green Knight Capital, LLC,

Plaintiff-Appellant,

v.

Gabriel Calderon, a/k/a
Gabriel I. Gomez-Calderon,
Mrs. Gabriel Calderon,
a/k/a Mrs. Gabriel I.
Gomez-Calderon, Rosa Elvira
Calderon, The 133 73rd
Street Condominium
Association, and State of
New Jersey,

Defendants,

and

133 73rd Street Apt, LLC,

Intervenor-Respondent.

On certification to the Superior Court,
Appellate Division, whose opinion is reported at
469 N.J. Super. 390 (App. Div. 2021).

| Argued | Decided |
|--------|---------|
| September 28, 2022 | November 17, 2022 |

Keith A. Bonchi argued the cause for appellant
(Goldenberg, Mackler, Sayegh, Mintz, Pfeffer, Bonchi &

Gill, attorneys; Keith A. Bonchi and Elliott J. Almanza, of counsel and on the brief).

Stephen McNally argued the cause for intervenor-respondent (McNally & Bellino, attorneys; Stephen McNally and Paige M. Bellino, on the briefs).

Adam D. Greenberg argued the cause for amicus curiae National Tax Lien Association (Honig & Greenberg and Taylor & Keyser, attorneys; Adam D. Greenberg and Robert W. Keyser, on the brief).

Alan L. Poliner argued the cause for amicus curiae New Jersey Land Title Association (Davison, Eastman, Muñoz, Paone, attorneys; Alan L. Poliner, on the brief).

JUDGE FISHER (temporarily assigned) delivered the opinion of the Court.

This appeal requires our determination whether a party that acquires an interest in property subject to a tax sale foreclosure action must lose the opportunity it has acquired because of its attempt to redeem the tax sale certificate before moving to intervene.

In a series of cases decided fifteen years ago -- Simon v. Cronecker, 189 N.J. 304 (2007), Simon v. Rando, 189 N.J. 339 (2007), and Malinowski v. Jacobs, 189 N.J. 345 (2007) -- we resolved many aspects of the ongoing battles between purchasers of tax sale certificates and those who acquire an interest in encumbered properties after foreclosure is sought. We held in Cronecker that the Tax Sales Law, N.J.S.A. 54:5-1 to -137, does not discourage competition

2

between these combatants when "likely to benefit a financially-strapped property owner." 189 N.J. at 311. But we also emphasized that the late-arriving investor must intervene in the foreclosure action <u>before</u> being allowed to redeem and that an investor's "failure to follow the clear dictates of the Tax Sale Law and our court rules renders" a pre-intervention redemption or attempted redemption "invalid." <u>Id.</u> at 337.

In distinguishing the circumstances here from those in <u>Cronecker</u>, the Appellate Division affirmed a trial court order that did not penalize an investor's mistaken attempt to redeem before seeking intervention in the tax sale certificate holder's foreclosure action. <u>Green Knight Capital, LLC v. Calderon</u>, 469 N.J. Super. 390 (App. Div. 2021). In seeking our reversal of that determination, the tax sale certificate holder argues that <u>Cronecker</u> created an unrelaxable rule precluding the investor's redemption. We disagree with that interpretation of <u>Cronecker</u> and, except for one aspect of the Appellate Division's decision, affirm the judgment under review.

## I.

For $3,168.71, plaintiff Green Knight Capital, LLC purchased a tax sale certificate on a condominium unit in North Bergen owned by defendant Gabriel Calderon. After waiting the two years required by N.J.S.A. 54:5-

86(a), Green Knight commenced this action in April 2020, seeking to foreclose Calderon's right of redemption.

In June 2020, Calderon responded to an advertisement circulated by Jesus Abreu, who was apparently seeking to purchase properties in the area. The two soon began negotiating a sale. On August 27, 2020, 133 73rd Street Apt, LLC (the LLC), of which Abreu is the sole member, contracted with Calderon to purchase the unit for $100,000. This transaction, which netted Calderon $63,194.58, closed on September 22, 2020; that same day, the settlement agent forwarded a $21,612.72 check to the municipal tax office to redeem the tax sale certificate.

Two days after the closing, Green Knight moved in the foreclosure action for the entry of default and for an order setting the time, place, and amount for redemption, as required by Rule 4:64-6(b). The day after that, Green Knight learned of the attempt to redeem the tax sale certificate.

In October, Green Knight moved for an order barring the LLC from redeeming; Green Knight also sought the imposition of a constructive trust on the contract between the LLC and Calderon and an order setting the time, place, and amount for redemption. In November, the LLC cross-moved for intervention and for permission to redeem. On December 4, 2020, the chancery judge entered three orders that allowed the LLC to intervene and

4

denied Green Knight's motions. The judge explained in his oral decision that the record contained nothing to suggest the LLC had unduly influenced Calderon or otherwise acted inequitably or fraudulently. The judge instead concluded that the contract price was fair and for more than nominal consideration, as required by N.J.S.A. 54:5-89.1.

In the wake of this disposition, the LLC redeemed the tax sale certificate.

## II.

In appealing, Green Knight argued to the Appellate Division that the chancery judge's rulings conflicted with Cronecker. For reasons expressed in a published opinion, the Appellate Division distinguished what happened here from the circumstances in both Cronecker and Rando, and -- in affirming -- held that when an investor has established "an interest in the property in the foreclosure action, is prepared to redeem the tax sale certificate, and files a motion to intervene before the entry of an order setting the last date for redemption, the investor is permitted to intervene and redeem the tax certificate." 469 N.J. Super. at 395-96.

We granted Green Knight's petition for certification. 250 N.J. 18 (2022). The National Tax Lien Association, which supports Green Knight's position, and the New Jersey Land Title Association, which urges the

5

upholding of the Appellate Division decision, were permitted to appear as amici curiae.

III.

A.

Cronecker recognized, as mentioned above, that the Tax Sale Law is not hostile to the competition between a tax sale certificate holder and a subsequent investor in the involved property because that competition "is likely to benefit a financially-strapped property owner." 189 N.J. at 311. This marked a notable departure from earlier decisions like Bron v. Weintraub, 42 N.J. 87, 95 (1964), where we emphasized that the Tax Sale Law was intended "to support tax titles" and held, absent the meeting of certain conditions, that those who intervene in the process "should not be tolerated." See also Mitsch v. Owens, 82 N.J. Eq. 404, 406 (Ch. 1913) (holding that "the law does not intend to make provision that a total stranger may deprive the purchaser at a tax sale of his right to perfect his title, by strict foreclosure"). Following Bron, the Legislature amended the Tax Sale Law to bar redemption "whenever it shall appear that [a third-party] has acquired such interest in the lands for a nominal consideration after the filing of the [foreclosure] complaint." N.J.S.A. 54:5-89.1. We concluded in Cronecker that, in so acting, the Legislature

6

intended to "forbid[] the very type of predatory overreaching that is illustrated in <u>Bron</u>." 189 N.J. at 324.

We considered the application of the revised N.J.S.A. 54:5-89.1 in <u>Wattles v. Plotts</u>, 120 N.J. 444, 446-49 (1990), where, after a foreclosure action was commenced, an investor approached heirs to the property owner and contracted with them to advance the funds necessary to redeem the tax sale certificate in exchange for their agreement to equally share with the investor the proceeds of a sale of the property. In finding the consideration paid by the investor to be nominal, we expressed disdain for those who "insinuate[] [themselves] into the scene for the sole purpose of furthering [their] own pecuniary interests." <u>Id.</u> at 453.

In <u>Cronecker</u>, however, we departed from the notion that N.J.S.A. 54:5-89.1 "bar[s] all third-party investors from coming to the aid of helpless property owners facing foreclosure," and we expressly rejected the views expressed in <u>Wattles</u> to the extent we had there "suggest[ed] a violation of public policy when a third-party investor offers <u>more than nominal</u> <u>consideration</u> for the property interest of an owner facing foreclosure." <u>Id.</u> at 328 (emphasis added). We thus declared in <u>Cronecker</u> that N.J.S.A. 54:5-89.1 wasn't intended "to bar third-party investors from helping property owners in desperate need of financial assistance, but rather to ensure that the third-party

7

investors do not exploit vulnerable owners by offering only nominal consideration for their property interests." Ibid.[1]

Revealing its intent to further enhance the opportunities of distressed property owners to save their investment once foreclosure is sought, the Legislature recently amended N.J.S.A. 54:5-89.1 to alter the bar on redemption by a purchaser who acquired an interest "for nominal consideration." That concept was amended to bar investors from redeeming when acquiring, after the filing of a foreclosure complaint, an interest "for less than fair market value," L. 2021, c. 231, § 1 (effective Sept. 24, 2021), thereby interdicting a chief way in which distressed owners might be preyed upon by late-arriving investors.

These brief pages of history reveal that this Court and the Legislature have adopted a more tolerant view of investors like the LLC and a less exalted view of tax sale certificate purchasers like Green Knight than expressed in the decisions that preceded Cronecker. We recognized in Cronecker that parties like the LLC and Green Knight are both speculators, and we therefore chose

---

[1] Cronecker and its companion cases opened the door to a more generous view about whether an investor's involvement advances the growing "socially desirable objective[]" of allowing a property owner to obtain at least some relief in the face of a pending foreclosure. 189 N.J. at 330; accord FWDSL & Assoc., LP v. Berezansky, 452 N.J. Super. 408, 413-14 (App. Div. 2017) (allowing an investor to redeem for consideration that might not have passed muster prior to Cronecker).

8

not to "impose a set of morals on the marketplace." 189 N.J. at 330 (quoting Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs., 182 N.J. 210, 230 (2005)). Instead, we declared that courts should be "loath to intervene in the self-regulating forces of the marketplace, particularly when competition will result in protecting a property owner's interest from forfeiture." Ibid.

There being no dispute that the LLC acquired its interest in the property by conveying to Calderon more than nominal consideration, the substantive aspect of the Tax Sale Law did not preclude the LLC from intervening and redeeming here.

B.

The Tax Sale Law, however, imposes more than just a substantive requirement to an investor's last-minute attempt to redeem after a foreclosure action is commenced.[2] The Tax Sale Law also imposes a procedural requirement: when a property interest is acquired after a foreclosure action is commenced, redemption "shall be made in that cause only." N.J.S.A. 54:5-98;

---

[2] The Legislature does not impose parameters on the transactions that may occur prior to the commencement of a foreclosure action, as we recognized in Cronecker, 189 N.J. at 320 (stating that N.J.S.A. 54:5-54 and the statutory scheme "place[] no restrictions on how a third-party investor arranges for the purchase of property" or about redemption "in the pre-foreclosure complaint stage").

9

see also N.J.S.A. 54:5-89.1 (directing that redemption is permitted only by someone who has been "admitted as a party to [the] action"); R. 4:64-6(b) (declaring that "redemption shall be made in the action only," and only so long as the "action has been filed in the tax collector's office").

That procedural requirement was not precisely met here. As we have observed, the LLC acquired its interest in the property after the foreclosure complaint was filed but before Green Knight sought entry of an order setting the time, place, and amount of redemption or obtained final judgment. The LLC then made a premature attempt to redeem -- the settlement agent at the LLC-Calderon closing sent a check to the tax office before the LLC moved to intervene.

The question posed here concerns the consequences of a failure to comply with this procedural requirement. In other words, should the procedural requirement be construed, as Green Knight contends, to require strict compliance and thus to relegate the LLC to an inferior position with the possibility of gaining a return of its investment only through the imposition of a constructive trust[3] because it prematurely attempted to redeem before seeking to intervene in the foreclosure action? The answer is no.

---

[3] In past cases, this equitable device has been fashioned to allow the tax sale certificate holder to exercise the option of succeeding to the interest of the investor. See Cronecker, 189 N.J. at 338; Wattles, 120 N.J. at 453; Savage v.

10

The Tax Sale Law does not announce -- and we are satisfied it does not envision -- the rule of strict compliance urged by Green Knight; it requires only that once a foreclosure action is commenced redemption must "be made in that cause only," N.J.S.A. 54:5-98, a limitation that compels the investor to intervene first, but without stating or suggesting there must be a consequence for any mistake. Changes in the law over time counsel against adopting a strict view of this procedural requirement.

That is, as already observed, we found sixty years ago <u>no</u> policy in the Tax Sale Law that would "invite the public to participate with respect to the foreclosure of the right to redeem," <u>Bron</u>, 42 N.J. at 92, and thirty years later referred with similar disdain to a purchaser like the LLC as having "insinuated itself into the scene for the sole purpose of furthering its own pecuniary interests," <u>Wattles</u>, 120 N.J. at 453. But, fifteen years ago, we recognized the

---

<u>Weissman</u>, 355 N.J. Super. 429, 442 (App. Div. 2002). A constructive trust, as Judge Cardozo famously said, "is the formula through which the conscience of equity finds expression" by precluding the holder from retaining its interest "in good conscience," and converting that holder to a trustee, <u>Beatty v. Guggenheim Exploration Co.</u>, 122 N.E. 378, 386 (N.Y. 1919), an approach to which our courts have long adhered, <u>see</u> <u>Thieme v. Aucoin-Thieme</u>, 227 N.J. 269, 288 (2016); <u>Carr v. Carr</u>, 120 N.J. 336, 351 (1990); <u>Moses v. Moses</u>, 140 N.J. Eq. 575, 580-81 (E. & A. 1947). But the record does not support a determination that the LLC acted inequitably, or that in "good conscience" it ought to lose its investment, simply because payment for the redemption of the tax sale certificate was prematurely forwarded to the North Bergen tax office without any consequence for either Green Knight or Calderon.

11

same statutory provisions did <u>not</u> evince a legislative intent "to discourage commercial competition," <u>Cronecker</u>, 189 N.J. at 311, thus viewing with greater solicitude last-minute investments as the means for providing property owners with some degree of relief from foreclosure. These owner-based interests were further enhanced when the Legislature recently amended the Tax Sale Law to require that the consideration paid by an investor constitute fair market value. N.J.S.A. 54:5-89.1.

We must not lose sight of the Legislature's declaration that the Tax Sale Law is "a remedial statute" and must "be liberally construed to effectuate the remedial objects thereof." N.J.S.A. 54:5-3. One of those remedial objects is the Tax Sales Law's recognition of an owner's right to rescue some part of its property interest in the face of an impending foreclosure by contracting with an investor like the LLC.

The concept urged by Green Knight -- that there may be no forgiveness for an investor's mistaken or premature attempt to redeem -- stands in stark contrast to the law's evolving attitude toward late investors and its greater interest in providing property owners with the opportunity to salvage or maximize their interests before foreclosure. We find no reason to impose a rule that requires courts to be unforgiving when an investor mistakenly attempts redemption before seeking intervention.

We conclude that the Tax Sale Law bears no hostility toward investors who otherwise meet the requirements of N.J.S.A. 54:5-89.1 when they prematurely attempt to redeem. Although the investor must always intervene before being allowed to redeem, a misstep like that which occurred here puts the tax sale certificate holder in no worse position than it would have possessed had the error not occurred.[4] By insisting on the investor's intervention into the foreclosure action, the Legislature intended to ensure the avoidance of sharp practices by calling for judicial oversight -- that a last-minute investor would not be permitted to redeem without the trial court's imprimatur. Cronecker, 189 N.J. at 336. In this case, the timing of the parties' motions permitted the chancery judge to completely oversee the disposition of their competing claims in a manner envisioned by the Tax Sale Law. To give true meaning to the legislative intent, we reject the rule urged by Green Knight.

We also find nothing in our existing jurisprudence to support Green Knight's position.

---

[4] It also bears mentioning that there is nothing about circumstances like those before us that precludes a tax sale certificate holder from negotiating with the owner and competing with the investor in attempting to acquire the property.

In <u>Cronecker</u>, the investor attempted to redeem on the last day set for redemption. 189 N.J. at 312.[5] In <u>Rando</u>, the investor's payment was sent to the taxing authority the day after the last date for redemption. 189 N.J. at 342.[6] And, in <u>Malinowski</u>, the attempted redemption occurred after entry of final judgment. 189 N.J. at 349. In all those circumstances, we concluded the investors were rightfully precluded from redeeming.

But, among other things, the thrust of our dispositions of those three cases was to demonstrate that the appropriate procedure is for the investor to move for and obtain intervention before making any attempt to redeem. No party to this appeal quarrels with the idea that intervention must precede any attempt to redeem, and we continue to adhere to that proposition. And, even though there may be little to factually distinguish this case from <u>Cronecker</u>, we

---

[5] <u>Cronecker</u> also decided a second case entitled <u>Grivas v. Smyth</u>, 189 N.J. 304 (2007). In <u>Grivas</u>, the intervenor's first attempt at redemption, which was refused by the tax office, occurred the day after the last day set by order for redemption; the foreclosure judgment later entered, however, was vacated due to defective service of process, and another attempt to redeem was made two days before the expiration of a later order setting the last day for redemption. <u>Id.</u> at 314.

[6] Our opinion in that case does not reveal the timing of the investor's attempt to redeem, but, with caveats, we affirmed substantially for the reasons provided by the Appellate Division, 189 N.J. at 342, and the Appellate Division observed that funds to redeem were forwarded by the investor to the taxing authority the day after the last day for redemption, <u>Simon v. Rando</u>, 374 N.J. Super. 147, 150-51 (App. Div. 2005).

are satisfied that our rejection of the investors' entitlement to redeem in those circumstances did not create a rule that an investor like the LLC must forfeit its right of redemption simply because it failed to move to intervene before attempting to redeem.

Because the LLC provided Calderon with more than nominal consideration and because the parties had the benefit of the chancery judge's full consideration of their competing legal and equitable arguments, we conclude that the LLC's premature attempt to redeem should not vitiate the right to redeem it fairly acquired.

IV.

We lastly express our departure from one aspect of the Appellate Division's decision. The court held that the purchaser, upon acquiring a property interest, must intervene in the foreclosure action "before the entry of an order setting the last date for redemption." 469 N.J. Super. at 396.

The Tax Sale Law and our court rules, however, impose no such deadline. The former declares that once a foreclosure action is commenced, "the right to redeem shall exist and continue <u>until barred by the judgment</u> of the Superior Court." N.J.S.A. 54:5-86(a) (emphasis added). And <u>Rule</u> 4:64-6(b) similarly declares that "[r]edemption may be made at any time <u>until the entry of final judgment</u>" (emphasis added).

15

We, thus, reject the Appellate Division's holding that the right of redemption terminates at the end of the last day set by order for redemption.

V.

The judgment of the Appellate Division is affirmed as modified.


CHIEF JUSTICE RABNER; JUSTICES PATTERSON, SOLOMON, PIERRE-LOUIS, and FASCIALE; and JUDGE SABATINO (temporarily assigned) join in JUDGE FISHER's opinion.